IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE GENES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 14-364 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since February of 2011. (ECF No. 7-6, pp. 2, 9). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on August 14, 2012. (ECF No. 7-2, pp. 26-49). On October 18, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weight of Evidence

Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. Lanny Detore, a one-time consulting examiner. (ECF No. 10, pp. 5-10). Specifically, Plaintiff submits that the ALJ misinterpreted the evidence. *Id.* As to Dr. Detore, the ALJ stated, in pertinent part, as follows:

> The undersigned gives Dr. Detore's opinion little weight, as Dr. Detore clearly relied on the claimant's statements in formulating his opinion, and as noted above those statements are inconsistent with the record as a whole. Specifically, the undersigned notes the claimant reported to treating providers he is capable of managing his activities of daily living with little assistance, while he denied such to Dr. Detore (Exhibit 7F).

(ECF No. 7-2, p. 22). These are appropriate reasons for giving an opinion little weight. *Plummer,* 186 F.3d at 429; 20 C.F.R. § 404.1527 and § 416.927 (discussing the evaluation of medical opinions)*.* Furthermore, I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131

3

F. App'x 877, 879 (3d Cir. 2005) (citation omitted). Upon review of the record, I find the ALJ's opinion is supported by substantial evidence. *See,* e.g. ECF No. 7-2, pp. 19-24. Therefore, remand is not warranted on this basis.[1, 2]

### C. Listing 12.04

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. 10, pp. 10-11). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff specifically argues that he meets Listing 12.04 Affect Disorders. (ECF No. 10, pp. 10-11). Listing 12.04 – Affect Disorders provides:

> **12.04 Affective disorders**: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

---

[1] In his Brief, Plaintiff basically argues on this point that there is evidence to support the opinion of Dr. Detore. (ECF No. 10, pp. 6-10). Whether this is a true statement is irrelevant because the standard is not whether there is evidence that supports the opinion of Dr. Detore but, rather, whether there is substantial evidence of record to support the ALJ's findings as set forth above. Thus, I find this argument unavailing.

[2] Contained within this argument section, Plaintiff also argues that the ALJ erred in failing to consider Plaintiff's Global Assessment of Functioning ("GAF") scores and, as such, the case should be remanded for further consideration. (ECF No. 10, pp. 8-10). GAF scores are not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. *See,* 65 Fed. Reg. 50746, at 50764-65 (2000). Moreover, GAF scores are arrived at by the clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). Here, the ALJ found Plaintiff to be less credible; thus, making Plaintiff's GAF score questionable at best. Additionally, Plaintiff suggests that the ALJ failed to discuss or consider the GAF scores. However, after a review of the record, I find the ALJ did, in fact, consider and discuss Plaintiff's GAF scores. (ECF No. 20). Thus, I find no merit to this argument either.

A. Medically documented persistence, either continuous or intermittent, of <u>one</u> of the following:

 1. Depressive syndrome characterized by at least <u>four</u> of the following:

    a. Anhedonia or pervasive loss of interest in almost all activities; or
    b. Appetite disturbance with change in weight; or
    c. Sleep disturbance; or
    d. Psychomotor agitation or retardation; or
    e. Decreased energy; or
    f. Feelings of guilt or worthlessness; or
    g. Difficulty concentrating or thinking; or
    h. Thoughts of suicide; or
    i. Hallucinations, delusions, or paranoid thinking; or

 2. Manic syndrome characterized by at least three of the following:

    a. Hyperactivity; or
    b. Pressure of speech; or
    c. Flight of ideas; or
    d. Inflated self-esteem; or
    e. Decreased need for sleep; or
    f. Easy distractibility; or
    g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
    h. Hallucinations, delusions or paranoid thinking; or

 3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least <u>two</u> of the following:

 1. Marked restriction of activities of daily living; or

 2. Marked difficulties in maintaining social functioning; or

 3. Marked difficulties in maintaining concentration, persistence, or pace; or

 4. Repeated episodes of decompensation, each of extended duration;

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work

> activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R., Pt. 404, Subpt. P, Appx. 1, Listing 12.04. In this case, Plaintiff does not contest that he does not meet the requirements of part C criteria. (ECF No. 10, pp. 10-11). Rather, he argues that he meets both part A(1) and part B. *Id.*

In this case, the ALJ started his analysis with part B. (ECF No. 7-2, pp. 17-18). Therein, the ALJ found that because Plaintiff's "mental impairments do not cause at least two 'marked' limitations or one 'marked limitation' and 'repeated' episodes of decompensation, each of extended duration," part B criteria are not satisfied. (ECF No. 7-2, p. 18). The sum total of Plaintiff's argument on this point is one conclusory sentence.

> Plaintiff meets the (B) criteria in that he has marked restrictions of activities of daily living, marked difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence or pace.

(ECF No. 10, p. 11, citations omitted). The standard of review, however, is not whether there is evidence to establish the Plaintiff's position. Rather, the standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is entirely misplaced. Moreover, I find the argument is insufficiently developed to place the issue clearly before me. Nevertheless, based on my review

of the entire record, I find there is substantial evidence to support the ALJ's decision. (ECF No. 7-2, pp. 17-18). Consequently, remand is not warranted on this basis.[3]

An appropriate order shall follow.

---

[3] Plaintiff also argues that he satisfies the part A(1) because "he has well documented sleep disturbance, anhedonia, weight change, decreased energy, feelings of guilt or worthlessness, difficulty concentrating on thinking, thoughts of suicide and hallucinations and paranoid thinking." (ECF No. 10, pp. 10-11). I need not consider this issue since I have found that there is substantial evidence of record to support the ALJ's decision that Plaintiff does not meet the criteria of part B.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WAYNE GENES,  )
 )
       Plaintiff,  )
 )
-vs-  )  Civil Action No. 14-364
 )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
       Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 20th day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge